**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   June 21, 2011
```

-------------------------------------------------------------- X
UNITED STATES OF AMERICA,                      :
                                               :
    -against-                                    :    No. 98 Cr. 707-6 (JFK)
                                               :
MARIA MARILU LARA-NAUSA,                       :    **MEMORANDUM OPINION**
                                               :    **AND ORDER**
                                          *Defendant.*        :
-------------------------------------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

       Before the Court is defendant Maria Marilu Lara-Nausa's ("Lara-Nausa") Motion for Sentence Relief Under the Federal Prison Bureau Non-Violent Offender [Relief] Act of 2003. For the reasons discussed below, the motion is denied.

### I. Background

       In April 1999, Lara-Nausa pleaded guilty to participating in a conspiracy to distribute narcotics. U.S. District Judge Allen G. Schwartz sentenced Lara-Nausa to a prison term of 240 months on March 24, 2000. The U.S. Courts of Appeals for the Second Circuit affirmed her sentence, *United States v. Bonilla*, 14 Fed. App'x 78, 80–81 (2d Cir. July 11, 2001), and U.S. District Judge Kevin Duffy denied a motion filed by Lara-Nausa pursuant to 18 U.S.C. § 2255, *Cesar-Casas v. United States*, Nos. 02 CV. 9431 (KTD), 03 CV. 1110 (KTD), 2006 WL 3549613, *5–7 (S.D.N.Y. Dec. 8, 2006). The criminal case was assigned to the undersigned after the death of Judge Schwartz in March 2003.

       Lara-Nausa requests early release under "The Federal Prison Bureau Nonviolent Offender Relief Act of 2003." According to the Federal Bureau of Prisons, Lara-Nausa is 54 years-old. Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 16, 2011). In her motion, Lara-Nausa states that she has never been convicted of a

violent crime and that she has "demonstrated exemplary conduct throughout confinement." For purposes of deciding this motion, the Court assumes the truth of Lara-Nausa's assertions.

## II. Discussion

The Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is not a validly enacted federal law, but a bill on which neither house of the U.S. Congress voted. Federal Prison Bureau Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003) (the "Relief Bill"). Similar bills have been presented in subsequent sessions of Congress and none of these have received a full vote by either the House of Representatives or the Senate. *See* Federal Prison Bureau Nonviolent Offender Relief Act of 2005, H.R. 256, 109th Cong. (2005); Federal Prison Bureau Nonviolent Offender Relief Act of 2007, H.R. 261, 110th Cong. (2007); Federal Prison Bureau Nonviolent Offender Relief Act of 2009, H.R. 61, 111th Cong. (2009). The current incarnation of the Relief Bill, the Federal Prison Bureau Nonviolent Offender Relief Act of 2011, H.R. 223, 112th Cong. (2011), has been referred to the Committee on the Judiciary of the House of Representatives, and has not been passed by either house of Congress.

Pending legislation provides no basis for the modification of a sentence. Only laws that have "passed the House of Representatives and the Senate" and approved by the President of the United States are "laws of the United States" made pursuant to the United States Constitution. U.S. Const. art. I, § 7; U.S. Const. art. VI. In exercising its legislative authority, "Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." *United States v. Thomas*, 135 F.3d 873, 876 (2d Cir. 1998). Congress has permitted the district courts to modify a sentence upon the motion of the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A) (2009), or when authorized either by federal statute or Rule 35 of the Federal Rules of Criminal Procedure, *id.* § 3582(c)(1)(B). However, no statute grants to the district courts

the authority to modify a sentence on the grounds cited in Lara-Nausa's motion. Accordingly, the Court lacks authority to grant the motion.

### III. Conclusion

For the above-stated reasons, Lara-Nausa's Motion for Snetence Relief Under the Federal Prison Bureau Non-Violent Offender [Relief] Act of 2003 [Dkt. No. 223] is **DENIED**.

**SO ORDERED.**

Dated:  New York, New York
June 21, 2011

JOHN F. KEENAN
United States District Judge